# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1127V
Filed: January 31, 2025

| | |
|---|---|
| JOCELYN BANDA *on behalf of A.B., a minor*,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Elaine Whitfield Sharp, Whitfield, Sharp & Sharp, Marblehead, MA*, for petitioner.
*Benjamin Rex Eisenberg, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION[1]

On August 1, 2018, petitioner filed a claim on behalf of her minor child, A.B., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that A.B. suffered neurocardiogenic syncope as a result of her August 4, 2015 Tdap vaccination. (ECF No. 1.) On March 16, 2020, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 28.)

Petitioner filed an expert report regarding diagnosis by cardiologist Sammy Zakaria, M.D., on October 21, 2021. (ECF Nos. 35, 43; Ex. 28.) Dr. Zakaria opined that A.B. suffered from dysautonomia following her Tdap vaccination. (Ex. 28, p. 1.) On March 23, 2023, petitioner filed an expert report regarding causation by immunologist David Axelrod, M.D., and a supplemental expert report by Dr. Zakaria. (ECF Nos. 51-52; Exs. 29-30.) Respondent filed responsive expert reports by cardiac

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

electrophysiologist and pharmacist, Philip Mar, M.D., Pharm.D., and immunologist, Martin Cannon, Ph.D., on September 14, 2023.  (ECF No. 54; Exs. A-D.)

I subsequently issued an order providing the parties with preliminary guidance pursuant to Vaccine Rule 5.  (ECF No. 55.)  I specifically advised that, "[h]aving had the opportunity to review the expert reports already exchanged by the parties, prior experience suggests that petitioner is highly unlikely to prevail and should give strong consideration to voluntarily dismissing her case."  (*Id.* at 2.)  After noting a number of decisions dismissing similar claims of alleged vaccine-caused autonomic dysfunction, primarily with regard to the HPV vaccine, I indicated that, based on my review of the expert reports, there did not seem to be any better support for Tdap vaccine as a cause of dysautonomia.  (*Id.* at 3.)  Thereafter, the parties exchanged another round of expert reports.  (ECF Nos. 68, 70-72; Exs. 37-60, A-F.)

On January 27, 2025, petitioner filed a Motion for a Decision Dismissing her Petition.  (ECF No. 74.)  Petitioner indicated that "[a]n investigation of the facts and science has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  (*Id.* at 1.)  Petitioner further stated that she "understands that a decision by the Special Master dismissing her Petition will result in a judgment against her.  She has been advised that such a judgment will end all of her rights in the Vaccine Program."  (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner's medical records and expert medical opinion do not support her allegations by a preponderance of the evidence.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.