# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1127V**
**Filed: May 6, 2026**

|  |  |
|---|---|
| JOCELYN BANDA, *on behalf of A.B., a minor*, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Elaine Whitfield Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 1, 2018, petitioner filed a petition on behalf of her minor child, A.B., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that A.B. suffered neurocardiogenic syncope as a result of her August 4, 2015 Tdap vaccination. (*Id.*) On January 31, 2025, a decision was issued granting petitioner's motion to voluntarily dismiss the petition. (ECF No. 75.) Judgment entered on March 11, 2025. (ECF No. 77.)

On September 13, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 80.) Petitioner seeks a total of $59,331.65, which includes

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

$43,487.20 for attorneys' fees and $15,844.45 for costs.[3] (*Id.* at 1.) In his response, respondent agrees that the statutory requirements for an award of attorneys' fees and costs have been met and defers to the court with respect to the reasonable amount for an award of attorneys' fees and costs. (ECF No. 81.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although petitioner did not prevail, I am satisfied that this case was brought in good faith and that the petition had a reasonable basis.

The billing records reflect that all work performed in this case was billed at hourly rates that have previously been accepted for this counsel.[4] *E.g.*, *Monge-Landry v. Sec'y of Health & Human Servs.*, No. 14-853V, 2025 WL 2489654, at *3 (Fed. Cl. Spec. Mstr. Jan. 29, 2025); *Worcester v. Sec'y of Health & Human Servs.*, No. 16-1641V, 2022 WL 3369714, at *2-3 (Fed. Cl. Spec. Mstr. July 13, 2022). Additionally, in the undersigned's experience, the request for attorneys' fees appears reasonable overall given the specific procedural history of this case. The costs also appear to be reasonable and sufficiently documented. Finally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Here, respondent has not raised any objection with particularity.

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] The costs are further broken down as follows: Counsel advanced the costs of the two experts who opined on petitioner's behalf, including $5,850.00 for the work of Sammy Zakaria, M.D., and $6,200.00 for the work of David Axelrod, M.D. (ECF No. 80, p. 1.) Petitioner is represented to have personally incurred the remaining costs of $3,394.45. (*Id.*) However, two points should be noted. First, among the receipts accompanying petitioner's listed costs, one of the invoices for translation services in the amount of $2,903.60 was billed to counsel rather than petitioner, though this does not preclude the possibility that petitioner nonetheless paid the invoice. (ECF No. 80-4, p. 1.) Ultimately it is not necessary for the undersigned to resolve this ambiguity because all of the costs will be reimbursed through counsel's IOLTA account for petitioner's counsel to disburse appropriately. Second, counsel indicated that she did not include the filing fee for the petition in the requested costs because she could not locate the receipt. (ECF No. 80, p. 1.) However, the payment of the filing fee ($400) and receipt number is already documented on the docket. Accordingly, the undersigned has *sua sponte* adjusted the requested amount to include the filing fee.

[4] Ms. Sharp billed 4.8 hours at a rate of $565 per hour for work completed in 2025. The undersigned is not aware of any prior decision in which Ms. Sharp's hourly rate for 2025 has been set. However, given the *de minimis* number of hours billed in 2025 and the overall reasonableness of the attorneys' fees requested, this decision does not specifically resolve whether Ms. Sharp's requested rate for work completed in 2025 is reasonable.

**Accordingly, the undersigned awards a lump sum of $59,331.65, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Elaine Whitfield Sharp's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.